## STATE v. HUGH J. SLOAN, JR.

(Filed 4 November, 1953.)

**1. Indictment and Warrant § 13—**

A motion to vacate the judgment on the ground that the court is without jurisdiction will be treated as a motion to quash the warrant on that ground.

**2. Courts § 11—**

Statutory provision that a county recorder's court should have exclusive original jurisdiction of all general misdemeanors committed in the county, and statutory provision that a municipal recorder's court in the county should likewise have original exclusive jurisdiction of such misdemeanors committed within the municipality, or within a radius of five miles thereof, cannot be reconciled, and the two courts will be held to possess concurrent jurisdiction of such misdemeanors committed within the municipality. G.S. 7-190, G.S. 7-222.

APPEAL by the State from *Stevens, J.,* June Term, 1953, CRAVEN. Reversed.

Criminal prosecution under warrant issued out of the County Recorder's Court of Craven County in which it is charged that defendant operated his automobile on the public roads of said county at a speed of 70 m.p.h.

At the trial in the Recorder's Court the defendant entered a plea of *nolo contendere*. The court pronounced judgment on the plea and defendant appealed.

In the Superior Court the defendant moved to vacate the judgment entered in the County Recorder's Court for that the offense charged was committed within the corporate limits of New Bern or within five miles thereof, and the Municipal Recorder's Court of New Bern has exclusive original jurisdiction. In this connection it is admitted that the offense charged was committed within the territorial limits of the Municipal Court of New Bern.

The court below allowed the motion and entered judgment vacating the judgment entered in said court and directing that the fine and costs paid by defendant be refunded to him. The State excepted and appealed.

*Attorney-General McMullan and Assistant Attorney-General Moody for the State.*

*Charles L. Abernethy, Jr., for defendant appellee.*

BARNHILL, J. The motion entered by defendant must be treated as a motion to quash the warrant for that the Recorder's Court of Craven County has no jurisdiction of the offense therein charged. The appeal from the judgment allowing the motion requires an examination of ch. 277, P.L. 1919, now General Statutes, ch. 7, subchapter VI, art. 24 and 25, which authorizes the creation of Municipal Recorders' Courts and County Recorders' Courts.

In 1919 the General Assembly enacted this statute "to establish a uniform system of recorders' courts for municipalities and counties . . ." Proceeding under this Act, the Board of Commissioners of Craven County, in 1921, created a County Recorder's Court for Craven County.

In 1947 the governing board of the City of New Bern, acting under the authority vested in it by the same statute, created a Municipal Court for the City of New Bern.

. The Act, ch. 277, P.L. 1919, vests in Municipal Recorders' Courts created as therein provided "exclusive original" jurisdiction of all general misdemeanors committed within the corporate limits of the municipality or within a radius of two (now five) miles thereof. G.S. 7-190.

It likewise vests in the county courts established pursuant thereto "jurisdiction in all criminal cases arising in the county which are now or may hereafter be given to a justice of the peace, and, in addition to the

jurisdiction conferred by this section, shall have exclusive original juris-
diction of all other criminal offenses committed in the county below the
grade of felony as now defined by law, and the same are hereby declared
to be petty misdemeanors." G.S. 7-222.

Thus the County Recorder's Court of Craven County has exclusive
original jurisdiction of offenses below the grade of felony committed any-
where in the county, while the Municipal Court of New Bern has like
jurisdiction of such offenses when committed within the limits of the
municipality or within a radius of five miles thereof.

That this creates an impossible situation is self-evident. *Reductio ad
absurdum.* We cannot conceive any sound reason why we should give
the word "exclusive" as used in section 4 any more force and effect than
is accorded the same term as used in section 27 of the same Act. The
two sections are irreconcilable to the extent they attempt to confer on
both courts exclusive original jurisdiction of general misdemeanors com-
mitted within the territorial limits of the Municipal Recorder's Court
of New Bern. To this extent one cancels out the other.

As we cannot reconcile the irreconcilable, we conclude that, within the
territorial limits of the Municipal Recorder's Court of New Bern, the two
courts possess and may exercise concurrent jurisdiction. *In re Barnes,*
212 N.C. 735, 194 S.E. 499. This necessitates a reversal of the judgment
entered in the court below. The cause is remanded to the end that the
solicitor may proceed with the prosecution.

Reversed.