### STATE v. ROBERT HALL.

(Filed 7 April, 1954.)

**1. Constitutional Law § 32—**

The Superior Court has no jurisdiction to try an accused for a specific misdemeanor on the warrant of an inferior court unless he is first tried and convicted for such misdemeanor in the inferior court and appeals to the Superior Court from the sentence pronounced against him by the inferior court on his conviction for such misdemeanor. Constitution of North Carolina, Article I, Secs. 12 and 13.

**2. Same: Criminal Law §§ 14, 56—**

Defendant was convicted in a recorder's court for possession of nontax-paid whiskey for the purpose of sale. On appeal, he was convicted in the Superior Court with having in his possession nontax-paid whiskey, and was found not guilty of possession of nontax-paid whiskey for the purpose of sale. *Held:* The judgment must be arrested, since defendant may not be prosecuted in the Superior Court on the original warrant except for an offense for which he was convicted in the inferior court.

---
---

**3. Intoxicating Liquor § 9a—**

 The offense of possessing alcoholic beverages on which taxes have not been paid and the offense of possessing intoxicating liquor for the purpose . of sale are separate misdemeanors of equal dignity created by separate statutory provisions, and neither includes the other as a lesser offense, and a defendant may not be convicted of possessing intoxicating liquor upon which taxes have not been paid under a warrant charging possession of intoxicating liquor for the purpose of sale even though the warrant speci- . fies that the liquor was "non-taxpaid."

APPEAL by defendant from *Burgwyn, Emergency Judge,* and a jury, at January Term, 1954, of CRAVEN.

Criminal prosecution on the warrant of an inferior court charging the unlawful possession of intoxicating liquor.

These matters appear on the face of the record proper:

1. The prosecution had its genesis in a warrant of the Recorder's Court of the City of New Bern, an inferior court established under Article 24 of Chapter 7 of the General Statutes.

2. The warrant was based on a criminal complaint alleging, in perti-nent part, that the defendant "Robert Hall did . . . unlawfully and wilfully have in his possession a quantity of non-tax paid whiskey, and did have said whiskey for the purpose of sale."

3. The defendant was tried, convicted, and sentenced in the Recorder's Court of the City of New Bern upon this charge and no other: "Posses-sion of non-tax paid whiskey for the purpose of sale." He appealed to the Superior Court from the sentence of the Recorder's Court.

4. The case was tried in the Superior Court on the warrant of the Recorder's Court. The trial judge submitted the case to the jury in the Superior Court on the theory that the criminal complaint underlying the warrant contained two counts, one charging the defendant "with having in his possession non-tax paid whiskey" and the other charging him with "having in his possession . . . non-tax paid whiskey for the purpose of sale."

5. The jury found the defendant "guilty of possession of non-tax paid whiskey" and "not guilty of the possession of non-tax paid whiskey for the purpose of sale."

6. The trial judge pronounced sentence against the defendant for "having in his possession non-tax paid whiskey." The defendant ex-cepted and appealed. His assignments of error are sufficient to raise the questions considered in the opinion.

*Attorney-General McMullan, Assistant Attorney-General Moody, and Gerald F. White, Member of Staff, for the State.*

*Charles L. Abernethy, Jr., for defendant.*

ERVIN, J.   When the verdict of the jury is spelled out, it finds the defendant guilty of the misdemeanor of possessing alcoholic beverage on which Federal and State taxes have not been paid in violation of the statute codified as G.S. 18-48.

We take it for granted without so adjudging for the purpose of this particular appeal that the criminal complaint underlying the warrant contains a count charging possession of alcoholic beverages on which taxes have not been paid as well as a count charging possession of intoxicating liquor for the purpose of sale.

Despite this assumption, we are constrained to hold that the trial, conviction, and sentence of the defendant for possessing alcoholic beverages on which taxes have not been paid offends Sections 12 and 13 of Article I of the Constitution of North Carolina, which provide, in essence, that the Superior Court has no jurisdiction to try an accused for *a specific misdemeanor* on the warrant of an inferior court unless he is first tried and convicted for *such misdemeanor* in the inferior court and appeals to the Superior Court from the sentence pronounced against him by the inferior court on his conviction for *such misdemeanor. S. v. Thomas,* 236 N.C. 454, 73 S.E. 2d 283.   The defendant was not tried, convicted, and sentenced in the Recorder's Court of the City of New Bern for possessing alcoholic beverages on which taxes have not been paid.

The trial, conviction, and sentence cannot be upheld on the theory that possessing alcoholic beverages on which taxes have not been paid is a lesser offense included in the charge of possessing intoxicating liquor for the purpose of sale.   Any such notion is incompatible with *S. v. Peterson,* 226 N.C. 255, 37 S.E. 2d 591, and *S. v. McNeill,* 225 N.C. 560, 35 S.E. 2d 629, which hold that these two crimes are specific misdemeanors of equal dignity created by separate statutory provisions, that neither crime includes the other as a lesser offense, and that an accused cannot be convicted of possessing alcoholic beverages on which taxes have not been paid under a warrant charging him with possessing intoxicating liquor for the purpose of sale, even though the warrant specifies that the subject of the offense is "non-tax paid" liquor.

The authority of the *Peterson* and *McNeill cases* on this precise point is not impaired in any degree by *S. v. Hill,* 236 N.C. 704, 73 S.E. 2d 894, which overrules them to the extent, and only to the extent, that they hold that the *prima facie* evidence rule created by G.S. 18-11 is not applicable to prosecutions based on criminal accusations which employ the phraseology of G.S. 18-50 and charge in express terms that the intoxicating liquor allegedly possessed for the purpose of sale was of the "illicit" or "non-tax paid" variety.

For the reasons given, the judgment is arrested.

Judgment arrested.