STATE v. JOHNNIE DANIELS, SR., AND JOHNNIE DANIELS, JR.

(Filed 31 October, 1956.)

**1. Courts § 11: Criminal Law § 12c—**

The County Court of Wayne County has jurisdiction of statutory as well as of common law misdemeanors, Ch. 697, Public-Local Laws of 1913, as amended by Ch. 346, Public-Local Laws of 1937, it being apparent that the amendatory Act intended to add the words "or by statute" in line 26 of the original Act rather than in line 6 as specified in the amendment.

**2. Statutes § 9—**

Where the reference in an amendatory Act to line 6 rather than line 26 of a section of the original Act is obviously a clerical error, the error may be corrected in order to carry out the clear legislative intent.

**3. Criminal Law §§ 12f, 56—**

Where a county court and a Superior Court have concurrent jurisdiction, the pendency of a prosecution in the county court for the identical criminal offense will support a plea in abatement and motion in arrest of judgment in the Superior Court. G.S. 7-64.

**4. Intoxicating Liquor § 2—**

The unlawful possession of non-taxpaid whiskey for the purpose of sale, a violation of G.S. 18-50, and the unlawful possession of non-taxpaid whiskey, a violation of G.S. 18-48, are separate and distinct offenses of equal degree, and a violation of the one is not a lesser degree of the offense defined in the other.

**5. Criminal Law § 12f—**

The pendency in a county court of a prosecution on a warrant charging unlawful possession of non-taxpaid whiskey for the purpose of sale, G.S. 18-50, will not support a plea in abatement and motion in arrest of judgment in the Superior Court in a prosecution for unlawful possession of non-taxpaid whiskey, G.S. 18-48, since the two offenses are not identical but are separate and distinct.

JOHNSON, J., not sitting.

APPEAL by defendant Johnnie Daniels, Sr., from *Bone, J.,* April Term, 1956, of WAYNE.

Criminal prosecution on bill of indictment charging that Johnnie Daniels, Sr., and Johnnie Daniels, Jr., on 30 September, 1953, unlawfully "did have and possess five one-half gallon jars of intoxicating whiskey upon which taxes imposed by the State of North Carolina, and the Congress of the United States has not been paid, against the form of the Statute . . ."

As to defendant Johnnie Daniels, Jr., the jury returned a verdict of not guilty; and he is not involved in this appeal.

As to defendant Johnnie Daniels, Sr., the jury returned a verdict of guilty; and judgment was pronounced imposing a prison sentence of six months.

The said bill of indictment on which this prosecution was based was returned at May Term, 1955, Wayne Superior Court, at which time another (separate) bill of indictment was returned charging that Johnnie Daniels, Sr., and Johnnie Daniels, Jr., on 30 September, 1953, "unlawfully, wilfully, did have and possess five and one-half gallons of whiskey, upon which the taxes due to the State of North Carolina, and the Congress of the United States had not been paid *for the purpose of sale,* against the form of the Statute . . ." (Italics added.)

By plea in abatement and by motion in arrest of judgment, appellant challenged the jurisdiction of the Superior Court on the ground that the prosecution was then pending on a warrant in the County Court of Wayne County.

The record shows that on 30 September, 1953, separate warrants were issued by a justice of the peace for the arrest of Johnnie Daniels, Sr., and Johnnie Daniels, Jr., on which they were bound over to the County Court of Wayne County. The separate warrants charged substantially the same offense, the pertinent part of the warrant relating to Johnnie Daniels, Sr., charging that on or about 30 September, 1953, he "did unlawfully, willfully receive, and have in his possession a quantity of non tax paid whiskey *for the purpose of sale,* (amended to read 'Did have in his possession a quantity of whiskey, to wit: 5 one half gallons and 1 quart, upon which the taxes imposed by the laws of North Carolina, and the laws of the Congress of the United States had not been paid, *for the purpose of sale'*) against the form of the Statute . . ." (Italics added.)

While the record is not clear, appellant's interpretation thereof discloses this sequence in the proceedings, viz.:

1. On 11 May, 1954, after defendants had demanded a jury trial on said warrants, the cases were transferred to the Superior Court for trial.

2. The cases so transferred were pending in the Superior Court at May Term, 1955, when the said bills of indictment were returned.

3. On 8 June, 1955, the cases on said warrants were remanded by the Superior Court to the County Court of Wayne County, for trial by a jury; and no further action was taken in the County Court of Wayne County until the cases on said warrants were dismissed on 10 April, 1956.

(Attention is called to section 3, chapter 697, Public-Local Laws of 1913, bearing upon the transfer of cases by the County Court of Wayne County to the Superior Court and the transfer of cases by the Superior Court to the County Court of Wayne County.)

It appears from the foregoing that when said bills of indictment were returned at May Term, 1955, the cases on the said warrants were then pending in the Superior Court but that at April Term, 1956, the cases on said warrants were pending in the County Court of Wayne County.

Defendant Johnnie Daniels, Sr., excepted to and appealed from the judgment pronounced in the Superior Court, assigning as error (1) the court's action in overruling his plea in abatement and motion in arrest of judgment, (2) designated rulings as to evidence, and (3) designated portions of the charge.

*Attorney-General Patton and Assistant Attorney-General Love for the State.*

*J. Faison Thomson & Son for defendant Johnnie Daniels, Sr., appellant.*

BOBBITT, J.  The evidence offered by the State was amply sufficient to support the verdict.  Indeed, defendant made no motion for judgment as in case of nonsuit.  Moreover, careful consideration of the assignments of error relating to rulings on evidence and to the charge do not disclose any error of law deemed sufficiently prejudicial to warrant a new trial or to require particular discussion.

Appellant lays major emphasis upon assignments of error relating to the denial by the court of his plea in abatement and motion in arrest of judgment.  These assignments present a jurisdictional question, technical in nature, wholly unrelated to the guilt or innocence of appellant.

We agree with appellant's contention that under Ch. 697, Public-Local Laws of 1913, as amended by Ch. 346, Public-Local Laws of 1937, the County Court of Wayne County had jurisdiction of statutory misdemeanors.  The Attorney-General, with commendable diligence, discovered and has called to our attention the fact that the said 1937 Act amends the said 1913 Act by adding "after the words 'common law' in line six of section four, the words 'or by statute';" when in fact the words "common law" appear in line *twenty-six* of section four and *not elsewhere* in section four of the said 1913 Act.  Even so, it is manifest that the intent of the General Assembly was to confer upon the County Court of Wayne County jurisdiction of statutory as well as common law misdemeanors.  The reference to line six of section four rather than to line twenty-six of section four is obviously a clerical error, subject to correction by the Court in order to carry out the clear legislative intent.  *S. v. Sizemore,* 199 N.C. 687, 155 S.E. 724.

We agree with appellant's further contention that, by reason of G.S. 7-64, the County Court of Wayne County and the Superior Court had concurrent original jurisdiction of statutory misdemeanors.  It follows

that if at the time of appellant's trial in the Superior Court on said bill of indictment there was pending in the County Court of Wayne County a criminal prosecution based on a warrant charging the *identical* criminal offense there would be sound basis for appellant's plea in abatement and motion in arrest of judgment. G.S. 7-64; *S. v. Reavis,* 228 N.C. 18, 44 S.E. 2d 354; *S. v. Parker,* 234 N.C. 236, 66 S.E. 2d 907.

However, we are confronted by the fact that the warrant in the case pending in the County Court of Wayne County contains a single count, to wit, unlawful possession of non-taxpaid whiskey *for the purpose of sale,* a violation of G.S. 18-50, whereas the bill of indictment on which appellant was tried in the Superior Court contains a single count, to wit, unlawful possession of non-taxpaid whiskey, a violation of G.S. 18-48.

The statutory misdemeanors created by G.S. 18-48 and by G.S. 18-50 are separate and distinct offenses of equal degree. Each is a specific statutory misdemeanor, complete within itself; and a violation of G.S. 18-48 is not a lesser degree of the offense defined in G.S. 18-50. *S. v. McNeill,.* 225 N.C. 560, 35 S.E. 2d 629; *S. v. Peterson,* 226 N.C. 255, 37 S.E. 2d 591. As stated by *Ervin, J.,* in *S. v. Hall,* 240 N.C. 109, 81 S.E. 2d 189: "The authority of the *Peterson* and *McNeill cases* on this precise point is not impaired in any degree by *S. v. Hill,* 236 N.C. 704, 73 S.E. 2d 894, . . ."

It appears from the foregoing that the only statutory misdemeanor of which the County Court of Wayne County acquired jurisdiction was that charged in said warrant, to wit, a violation of G.S. 18-50, and that the Superior Court had original jurisdiction to proceed on bill of indictment to try appellant for a violation of G.S. 18-48.

It is noted that the said warrant was dismissed in the County Court of Wayne County on 10 April, 1956. The inference is that the State elected to prosecute in the Superior Court on a bill of indictment charging a violation of G.S. 18-48 rather than to prosecute in the County Court of Wayne County on the warrant charging a violation of G.S. 18-50.

We conclude that the court below was correct in overruling appellant's plea in abatement and motion in arrest of judgment.

No error.

JOHNSON, J., not sitting.