### STATE v. HENRY MORGAN.

(Filed 18 September, 1957.)

**1. Criminal Law § 16—**

G.S. 7-64 is not applicable to Craven County, and therefore in such County the Superior Court has no original jurisdiction of prosecutions for general misdemeanors. G.S. 7-222.

**2. Intoxicating Liquor § 2—**

G.S. 18-50 making the possession of illicit liquor for the purpose of sale a general misdemeanor, and G.S. 18-48 making it a misdemeanor to possess whisky upon which requisite taxes have not been paid, create separate offenses, and the one is not included in the other.

**3. Criminal Law § 18—**

Where, in the recorder's court having exclusive original jurisdiction of general misdemeanors, defendant is convicted of possession of nontaxpaid liquor for the purpose of sale, and on appeal to the Superior Court is charged in one count with unlawful possession of intoxicating liquor upon which the requisite taxes had not been paid and in the second count with unlawful possession of the same quantity of nontaxpaid liquor for the purpose of sale, and is found guilty on the first count and not guilty on the second, the judgment must be arrested, since the jurisdiction of the Superior Court is derivative and defendant may not be convicted therein of an offense of which he had not been convicted in the recorder's court.

**4. Criminal Law § 139—**

The jurisdiction of the Supreme Court on appeal is derivative, and when the Superior Court is without jurisdiction, the Supreme Court can acquire none by appeal.

**5. Criminal Law § 121—**

Where it appears on the face of the record that the Superior Court was without jurisdiction, the judgment entered therein will be arrested by the Supreme Court *ex mero motu*.

APPEAL by defendant from *Fountain, S. J.,* Special April Criminal Term 1957 of CRAVEN.

Criminal prosecution.

These facts appear on the face of the record proper and of the *addendum* to the record proper:

The defendant was tried, convicted and sentenced in the County Recorder's Court for Craven County on a warrant charging that he did in Craven County, Number 3 Township, on 29 October 1956 "unlawfully, willfully have in his possession one-half gallon and one pint of non tax paid liquor for the purpose of sale." The defendant appealed to the Superior Court.

The defendant was tried in the Superior Court upon a bill of indictment containing two counts: The first count charged the defendant on 29 October 1956 with the unlawful possession of one-half gallon and one pint of intoxicating liquor, upon which the taxes imposed by the Congress of the United States and the State of North Carolina had not been paid, and the second count charged the defendant at the same time and place with the unlawful possession for the purpose of sale of the same quantity of non-tax-paid liquor.

The State's evidence shows—the defendant offered none—that Albert Russell, an A.B.C. officer of Craven County, on 29 October 1956, had a search warrant to search for intoxicating liquor the dwelling house of the defendant situate in Number 3 Township, near the village of Dover, Craven County, which dwelling house is some twenty miles or more from the corporate limits of the City of New Bern. Upon his arrival the defendant opened the door. The officer took the search warrant from his pocket, and told him, "I have a search warrant; I want to search your house for whisky." The defendant replied, "Go ahead and search." In the house the officer found non-tax-paid whisky. During the trial the defendant's counsel admitted that it was non-tax-paid whisky, but denied that defendant had anything to do with it.

The defendant pleaded Not Guilty. The verdict of the jury was that the defendant was guilty on the first count in the indictment, and not guilty on the second count.

From judgment of imprisonment, defendant appeals.

*George B. Patton, Attorney General, and Harry W. McGalliard, Assistant Attorney General, for the State.*
*Charles L. Abernethy, Jr., for Defendant, Appellant.*

Parker, J.    Article I, Section 13 of the North Carolina Constitution provides that "the Legislature may, however, provide other means of trial, for petty misdemeanors, with the right of appeal." This Court said in *S. v. Hall,* 240 N.C. 109, 81 S.E. 2d 189, that Sections 12 and 13 of Article I of the State Constitution provide, "in essence, that the Superior Court has no jurisdiction to try an accused for a *specific misdemeanor* on the warrant of an inferior court unless he is first tried and convicted for *such misdemeanor* in the inferior court and appeals to the Superior Court from the sentence pronounced against him by the inferior court on his conviction for *such misdemeanor.*" In support of such statement the Court cites *S. v. Thomas,* 236 N.C. 454, 73 S.E. 2d 283.

G.S. 15-177.1 provides that in cases of appeal to the Superior Court in a criminal action from a justice of the peace or other inferior court, the defendant shall be entitled to a trial anew and *de novo* by a jury.

*S. v. Meadows,* 234 N.C. 657, 68 S.E. 2d 406; *S. v. Williamson,* 238 N.C. 652, 78 S.E. 2d 763.

This Court said in *S. v. Sloan,* 238 N.C. 547, 78 S.E. 2d 312—a case involving conflicting statutory provisions in respect to the jurisdiction within the corporate limits of the City of New Bern, or within a radius of five miles thereof, of the County Recorder's Court for Craven County and the Municipal Recorder's Court for the City of New Bern—: "In 1919 the General Assembly enacted this statute" (Ch. 277, P.L. 1919, now G.S., Ch. 7, Subchapter VI, Art. 24 and 25, which authorizes the creation of Municipal Recorders' Courts and County Recorders' Courts) " 'to establish a uniform system of recorders' courts for municipalities and counties . . .' Proceeding under this Act, the Board of Commissioners of Craven County, in 1921, created a County Recorder's Court for Craven County."

The County Recorder's Court for Craven County is a court inferior to the Superior Court in a constitutional sense. The question as to conflicting jurisdiction between the County Recorder's Court for Craven County and the Municipal Recorder's Court for the City of New Bern, as decided in *S. v. Sloan, supra,* does not arise, because the non-tax-paid whisky was found in the house where the defendant lived, which house is situate in Number 3 Township, Craven County, near the village of Dover, and is outside the territorial limits of the jurisdiction of the Municipal Recorder's Court for the City of New Bern.

G.S. 7-64 as to concurrent original jurisdiction between the Superior Court and courts of inferior jurisdiction is not applicable to Craven County. Therefore, by virtue of G.S. 7-222 the County Recorder's Court for Craven County had, and has, exclusive, original jurisdiction of violations of G.S. 18-48 and G.S. 18-50 in the house where defendant was living near the village of Dover, Craven County, if any such violations occurred there.

G.S. 18-50 makes the possession for the purpose of sale of illicit liquor a general misdemeanor. G.S. 18-48 provides that the possession of whisky upon which the taxes imposed by the laws of Congress of the United States or by the laws of this State have not been paid is a general misdemeanor. Each statute creates a specific criminal offense, and a violation of G.S. 18-48 is not a lesser offense included in the offense defined in G.S. 18-50. *S. v. McNeill,* 225 N.C. 560, 35 S.E. 2d 629; *S. v. Peterson,* 226 N.C. 255, 37 S.E. 2d 591; *S. v. Hall, supra; S. v. Daniels,* 244 N.C. 671, 94 S.E. 2d 799.

The defendant was tried, convicted and sentenced in the County Recorder's Court for Craven County upon a warrant charging a violation of G.S. 18-50. He appealed to the Superior Court. In the Superior Court he was tried upon a bill of indictment charging in the first count a violation of G.S. 18-48, and in the second count a violation of G.S.

18-50. The jury convicted him on the first count in the indictment, and acquitted him on the second count. From the judgment imposed, he appeals.

The defendant has not been tried, convicted and sentenced in the County Recorder's Court for Craven County for a violation of G.S. 18-48. The Superior Court of Craven County has no original jurisdiction of the offense for which the defendant was convicted. *S. v. Lytle,* 138 N.C. 738, 51 S.E. 66.

The jurisdiction of the Supreme Court is derivative. As the Superior Court of Craven County was without original jurisdiction to try the defendant on a bill of indictment charging a violation of G.S. 18-48, we have none. *S. v. Miller,* 225 N.C. 213, 34 S.E. 2d 143.

*S. v. Daniels, supra,* is distinguishable, because G.S. 7-64 is applicable to Wayne County, and the County Court of Wayne County and the Superior Court of Wayne County had concurrent original jurisdiction of statutory misdemeanors.

"In this Court, where the lack of jurisdiction is apparent, the Court may, and will, on plea, suggestion, motion or *ex mero motu,* stop the proceeding." *S. v. King,* 222 N.C. 137, 22 S.E. 2d 241.

Since it appears on the face of the record proper that the sentence and conviction are void, because the Superior Court of Craven County had no original jurisdiction to try the defendant for an alleged violation of G.S. 18-48, the judgment is arrested.

Judgment arrested.