·STATE v. DAN PERRY, H. V. HIGH AND PAT HUNNINGS.

(Filed 24 May, 1961.)

**1. Criminal Law § 19—**

In a county in which G.S. 7-64 is not applicable and in which the courts inferior to the Superior Court therefore have exclusive original jurisdiction of general misdemeanors, the Superior Court can acquire original jurisdiction and try defendant upon an indictment only when defendant, in the recorder's court, demands a jury trial pursuant to statute (Chapter 115, Public Laws of 1919), and the Superior Court can acquire derivative jurisdiction only when defendant appeals from a conviction in the recorder's court.

**2. Same—**

In a county in which courts inferior to the Superior Court have exclusive original jurisdiction of general misdemeanors, the demand in the recorder's court of a trial by jury on a warrant charging a particular assault gives the Superior Court original jurisdiction of the assault charged, but the Superior Court can acquire no jurisdiction of a separate assault committed some hours after the first, even though committed by the same defendant upon the same person, and it is error for the Superior Court in its charge to submit to the jury evidence of defendant's guilt of such other assault.

**3. Criminal Law § 164—**

Where the court correctly submits the question of defendant's guilt of the assault charged, but erroneously instructs the jury on the evidence of another assault over which the court had no jurisdiction, the conviction of defendant cannot be held harmless since it cannot be ascertained whether or not the jury in reaching its verdict considered the evidence relating to the assault over which the court had no jurisdiction.

APPEAL by defendant Dan Perry from *Cowper, J.,* January Criminal Term 1961 of Craven.

Criminal prosecution upon an indictment charging Dan Perry with unlawfully assaulting on 6 December 1960 Mary Gaskins, a female person, he being a male person over 18 years of age.

Plea: Not Guilty. Verdict: Guilty.

Defendants H. V. High and Pat Hunnings were tried at the same time on similar and separate indictments — the three cases being consolidated for trial — and found Not Guilty.

From a judgment of imprisonment, defendant Dan Perry appeals.

*T. W. Bruton, Attorney General, and Harry W. McGalliard, Assistant Attorney General, for the State.*
*Charles L. Abernethy, Jr., for defendant, appellant.*

PARKER, J. The prosecution of Dan Perry had its genesis in a

warrant issued by the recorder's court for Craven County, a court inferior to the superior court in a constitutional sense. The recorder's court for Craven County was created in 1921 by the Board of County Commissioners of Craven County by virtue of Public Laws of North Carolina 1919, Chapter 277, Section 25 *et seq.*, County Recorder's Courts, now G.S. Chapter 7, Subchapter VI, Article 25. *S. v. Sloan,* 238 N.C. 547, 78 S.E. 2d 312; *S. v. Morgan,* 246 N.C. 596, 99 S.E. 2d 764.

The warrant was based on a criminal complaint alleging in pertinent part that on 6 December 1960 the defendant "Dan Perry did unlawfully, wilfully assault one Mary Gaskins with his fists inflicting serious bodily injuries, and did threaten to kill the said Mary Gaskins, a female person, he being a male person over 18 years of age."

Similar and separate warrants were issued by the recorder's court for Craven County against defendants H. V. High and Pat Hunnings.

Craven County is one of our counties in which exclusive original jurisdiction of general misdemeanors is vested in its inferior courts, because G.S. 7-64, concurrent jursdiction between the superior court and inferior courts, does not apply to Craven County. *S. v. White,* 246 N.C. 587, 99 S.E. 2d 772; *S. v. Morgan, supra; S. v. Sloan, supra.*

Public Laws of North Carolina 1929, Chapter 115, provides: "In all trials in the Recorder's Court for Craven County, upon demand for a jury by the defendant or the Prosecuting Attorney representing the State, the Recorder shall transfer said trial to the Superior Court of Craven County." See *S. v. Rooks,* 207 N.C. 275, 176 S.E. 752.

In the recorder's court for Craven County a jury trial was demanded in all three cases, and the recorder transferred the three cases for trial to the superior court.

Public Laws of North Carolina 1929, Chapter 115, in effect divested the recorder's court for Craven County of jurisdiction of the alleged criminal offense charged against defendant Dan Perry of assaulting Mary Gaskins with his fists, when demand was made for a jury trial. *S. v. Norman,* 237 N.C. 205, 74 S.E. 2d 602; *S. v. Davis,* 253 N.C. 224, 116 S.E. 2d 381. The same was true in respect to the defendants H. V. High and Pat Hunnings. When the jurisdiction of the recorder's court for Craven County was thus divested, the jurisdiction acquired by the superior court was original as to the charge against defendant Dan Perry of assaulting Mary Gaskins with his fists, and not derivative, and because original, defendant Dan Perry could not there be put on trial except upon a true bill found by the grand jury. *S. v. Norman, supra; S. v. Davis, supra.* The same was true as to H. V. High and Pat Hunnings.

This is a summary of the State's evidence: On 6 December 1960

Mary Gaskins, Dan Perry, H. V. High and Pat Hunnings were in a room in the Friendly Pines Motel in Bridgeton. All were drinking. Dan Perry snatched off Mary Gaskins' slip and bra. He pushed her down on the bed. High and Hunnings held her, and Perry shaved her body. Later all four left. That night all four were in Perry's trailer on the Kinston Highway, about three or four miles distant from the Friendly Pines Motel. There Dan Perry beat Mary Gaskins in her face with his fists. Later, while they were carrying her home, Dan Perry continued beating her with his fists. As a result of such beating her face and nose became swollen, and her face and forehead looked like a balloon.

Defendant Dan Perry assigns as error that part of the charge in which the court instructed the jury in substance as follows: If the State has satisfied you from the evidence and beyond a reasonable doubt that on 6 December 1960 Dan Perry did unlawfully assault Mary Gaskins in a room in the Friendly Pines Motel in Bridgeton by tearing off parts of her clothing, pushing her down on a bed or by attempting to shave any portion of her body, or if you find from the evidence and beyond a reasonable doubt that Dan Perry struck Mary Gaskins in the face with his hands, or if the defendant Dan Perry "committed one or more of these acts" it would be your duty to return a verdict of Guilty. If you are not so satisfied, you should return a verdict of Not Guilty.

The State's evidence shows two assaults on Mary Gaskins at different times and in separate places: one, in a motel room in Bridgeton by Dan Perry's tearing off her slip and bra, pushing her down on the bed, and shaving her body; two, by Dan Perry beating her in the face with his fists in his trailer and when carrying her home.

The warrant issued by the recorder's court charged Dan Perry with the second assault shown by the State's evidence. The demand for a jury trial, and the transfer of that case to the superior court for trial, gave the superior court original jurisdiction of that assault case, as before set forth.

The recorder's court for Craven County has original, exclusive jurisdiction over the first assault shown by the State's evidence to have occurred in the motel room in Bridgeton. As to this first assault the superior court of Craven County could acquire jurisdiction in only one of two ways: One, by the recorder's court issuing a warrant charging Dan Perry with that offense, and by a demand for a jury trial, which, by transfer of the case to the superior court, would give it original jurisdiction. Two, by the recorder's court issuing a warrant charging Dan Perry with that offense, and upon his trial and conviction of such offense, he appealed from the judgment pronounced against

him to the superior court, when the jurisdiction of the superior court would be derivative. *S. v. Hall*, 240 N.C. 109, 81 S.E. 2d 189. There is nothing in the record to show that the recorder's court for Craven County has ever issued a warrant charging Dan Perry with the first assault shown by the State's evidence. The superior court had no jurisdiction to try Dan Perry for the first assault shown by the State's evidence. *S. v. Hall, supra; S. v. Morgan, supra.*

It was prejudicial error for the trial court to instruct the jury that if the State satisfied them from the evidence and beyond a reasonable doubt that Dan Perry unlawfully assaulted Mary Gaskins in a room in the motel in Bridgeton by tearing off parts of her clothing, pushing her down on a bed or by attempting to shave any portion of her body, it would be their duty to return a verdict of Guilty, because the superior court had no jurisdiction of this specific assault shown by the State's evidence. For all we can know the jury may have convicted Dan Perry of the first assault shown by the State's evidence, and acquitted him of the second assault shown by the State's evidence.

This appeal and many other appeals to this Court, particularly from Craven County, concerning the different jurisdictions of our hodgepodge system of inferior courts, show an urgent need for legislation to make the jurisdiction and procedure in the inferior courts uniform throughout the State similar to the superior court.

For error in the charge defendant is entitled to a new trial, and it is so ordered.

New trial.