STATE v. STROUD.

*Wilson & Wilson for defendant appellant.*
*John H. Hall for plaintiff appellee.*

WINBORNE, C.J., not sitting.

---

## STATE v. HENRY IVEY STROUD.

(Filed 28 February, 1962.)

**1. Criminal Law § 19—**

Where, upon defendant's demand for a jury trial in the recorder's court, the cause is transferred to the Superior Court under provisions of statute, and the defendant is tried in the Superior Court upon a duly returned indictment, the fact that upon the trial in the Superior Court the judge inadvertently refers to the trial as upon a "warrant" instead of indictment does not prejudice defendant, and does not support a contention that defendant was tried in the Superior Court upon the original warrant.

**2. Automobiles § 72—**

Conflicting evidence as to whether the defendant was under the influence of intoxicating beverage at the time he was apprehended operating a motor vehicle on a State highway is properly submitted to the jury in a prosecution under G.S. 20-138.

WINBORNE, C.J., not sitting.

APPEAL by defendant from *Bone, J.,* September 1961 Term of CRAVEN.

*Attorney General Bruton and Assistant Attorney General Moody for the State.*
*Charles L. Abernethy, Jr., for defendant appellant.*

PER CURIAM.  On 26 April 1961 Carl C. Jones, a State Highway Patrolman, made an affidavit charging defendant with the operation of a motor vehicle on that date on the public highways while under the influence of intoxicating liquors and the reckless operation of the vehicle in violation of G.S. 20-140. Based on this affidavit a warrant issued requiring defendant to appear at the Craven County Recorder's Court on 2 May to answer said charges.

Defendant appeared on 13 June 1961 and demanded a jury trial. This demand ousted the jurisdiction of the recorder's court. C. 115 P.L. 1929; *S. v. Perry*, 254 N.C. 772, 119 S.E. 2d 865. Bond in the sum of $250 was, as prescribed by statute, required for defendant's appearance at the next criminal term of the Superior Court of Craven County. The next term of that court convened on the first Monday in September. At that time the grand jury returned a true bill charging defendant with the identical offenses which he was required to answer in the recorder's court. The bill sent to and returned by the grand jury was assigned number 5467.

Book P-2, p. 307, in the office of the Clerk of the Superior Court shows the "PLEA, JURY, VERDICT AND JUDGMENT" in case "5467 *State v. Henry Ivey Stroud*." The court did not submit the count charging reckless driving. The jury found defendant guilty of driving under the influence of intoxicating beverages. Judgment was entered on the verdict. No appeal was noted during the term. After the term expired, defendant gave notice of appeal in "STATE OF NORTH CAROLINA *v. HENRY IVEY STROUD No. 5467*."

Judge Bone, opening his charge, said: "Ladies and Gentlemen of the Jury, the defendant is being tried upon a warrant which charges that on the 26th day of April, 1961, he did unlawfully and willfully operate a motor vehicle on the State highways of North Carolina while under the influence of intoxicating liquors, a violation of Section 20-138 of the General Statutes of North Carolina . . ."

Defendant here contends the trial was a nullity and the judgment should be arrested because a trial on a warrant could only be had in the Superior Court upon appeal from a court inferior to the Superior Court. *S. v. Thomas*, 236 N.C. 454, 73 S.E. 2d 283; *S. v. Norman*, 237 N.C. 205, 74 S.E. 2d 602. His legal position is sound, but it has no application to the facts disclosed by the record here. It affirmatively appears from the record defendant was tried on the bill of indictment which charged the identical offense described in the original warrant. Judge Bone inadvertently named the document informing defendant what offenses were charged. This in no way prejudiced defendant. It cannot change the fact affirmatively appearing that defendant entered

a plea of not guilty of and was tried on the first count set out in the bill of indictment.

Defendant's motion to nonsuit was properly overruled. He testified he had taken several drinks of whisky not long prior to his arrest. He was operating a motor vehicle on the highway when arrested. He insisted that the whisky consumed had not affected him. The evidence for the State was to the contrary. This conflict in the testimony was properly submitted to the jury.

No error.

WINBORNE, C.J., not sitting.