## STATE v. EUGENE SIMMONS.

(Filed 11 April, 1962.)

**1. Criminal Law § 18—**

　　On appeal from an inferior court the jurisdiction of the Superior Court is limited to those criminal charges on which defendant was tried and convicted in the inferior court, and defendant may not be convicted in the Superior Court on a charge not contained in the warrant.

STATE *v.* SIMMONS.

**2. Intoxicating Liquor § 1—**

The possession of alcoholic beverage on which the apposite taxes have not been paid, G.S. 18-48, the unlawful possession of intoxicating liquor, G.S. 18-2, and the possession of intoxicating liquor for the purpose of sale. G.S. 8-50, are separate and distinct offenses, and where a defendant is convicted in a municipal-county court of unlawful transportation and unlawful possession of non-taxpaid liquor, he may not be convicted in the Superior Court on appeal of possession of intoxicating liquor for the purpose of sale.

APPEAL by defendant from *Burgwyn, S. J.,* December 4, 1961 Special Term of LENOIR.

*Attorney General Bruton and Assistant Attorney General McGalliard for the State.*

*Fred W. Harrison for defendant appellant.*

RODMAN, J.   Defendant was tried in the Municipal-County Court of Lenoir on a warrant containing two counts. The first count charged defendant "did transport intoxicating liquors in a 1953 Oldsmobile Lic #L.E. 919 in violation of the law." The second count charged defendant "did possess non-taxpaid whiskey in violation of the law." This count cites G.S. 18-48.

Following defendant's plea of not guilty there was a verdict of "Guilty Transporting Non-taxpaid Whiskey." The recorder imposed a prison sentence of eight months, suspended on payment of a fine and costs. — Defendant appealed to the Superior Court.

On the trial in the Superior Court there was evidence from which a jury could find that enforcement officers, with defendant's consent, searched his automobile which was parked on the street in front of his home. In the course of the search they found in the trunk of the car 46 half-gallon jars filled with whiskey. None of the containers had stamps affixed indicating the payment of Federal or State taxes. Defendant denied any claim to the whiskey, saying to the officers he had no knowledge as to how it got in his car.

The court charged the jury: "The only question you are concerned with here is, did this defendant have in his automobile, on the day in question, a certain amount of non-taxpaid whiskey and, if so, did he have it for the purpose of sale?" In concluding his charge the court said: ". . . the State contends that you are to be satisfied beyond a reasonable doubt that he is guilty as charged in this warrant of having in his possession, for the purpose of sale, this intoxicating liquor. If you are so satisfied, you will find the defendant guilty. If you have a reasonable doubt about the case, you should find him not guilty."

STATE *v.* SIMMONS.

The Superior Court on appeal from a judgment of an inferior court is limited to those criminal charges on which defendant was tried and convicted in the lower court. *S. v. Perry,* 254 N.C. 772, 119 S.E. 2d 865; *S. v. Hall,* 240 N.C. 109, 81 S.E. 2d 189, *S. v. Cooke,* 246 N.C. 518, 98 S.E. 2d 885.

Possession of alcoholic beverages on which the taxes imposed by Congress or this State have not been paid is unlawful. G.S. 18-48. This is the crime defined in the second count of the warrant.

Transportation of intoxicating liquors subject to exceptions not here material is forbidden by G.S. 18-2. Prohibited transportation is a misdemeanor. G.S. 18-29. This is the crime charged in the first count.

Possession of intoxicating liquors for the purpose of sale is a crime. G.S. 18-50.

A violation of any of these statutory provisions is a crime separate and distinct from a violation of the other provisions. *S. v. May,* 248 N.C. 60, 102 S.E. 2d 418; *S. v. Cofield,* 247 N.C. 185, 100 S.E. 2d 355; *S. v. Morgan,* 246 N.C. 596, 99 S.E. 2d 764; *S. v. Hall, supra; S. v. McNeill,* 225 N.C. 560, 35 S.E. 2d 629.

The jury, acting under the instructions given, returned a verdict of "Guilty as charged." Necessarily this means guilty of violating G.S. 18-50, possession for sale.

It is not necessary now to determine whether the verdict in the Municipal-County Court was limited to the first count in the warrant, that is, the charge of illegal transportation; or was sufficient to embrace both counts. Since the warrant in the lower court did not embrace the charge of possession for sale, it necessarily follows that the verdict rendered in the Superior Court and the judgment based thereon are beyond the jurisdiction of the Superior Court, hence have no validity. Defendant, by his appeal from the Municipal-County Court, is entitled to a trial in the Superior Court, limited to the crimes charged and of which he was convicted in the Municipal-County Court.

New trial.