STATE v. DOROTHY N. DOVE, GEORGIA GAYLOR, CLARENCE STEWART, JR., ROBERT E. SPRUILL, WILLIE O. DOVE, WILLIE A. DRAKE, VANCE E. GREEN, WILLIAM E. TOON, DAVID R. MILLER, GEORGE LEE BRIMAGE, GEORGE T. JENNINGS, JENNIE S. BOONE, CATHERINE GAYLOR, JUANITA JOHNSON, FARRIES C. SLADE.

(Filed 26 February 1964.)

**Criminal Law § 16—**

The Superior Court of Craven County does not have original jurisdiction of misdemeanors, G.S. 7-64, and therefore defendants may not be tried in the Superior Court upon indictment upon appeals from convictions in the recorder's court of trespassing. G.S. 14-126; G.S. 14-134.

APPEAL by defendants from *Bundy, J.,* September 1963 Criminal Session of CRAVEN.

*Attorney General Bruton and Deputy Attorney General Moody for the State.*
*Lisbon C. Berry, Jr. and Reginald L. Frazier for defendant appellants.*

PER CURIAM.   On 16 July 1963 Russell Dunn signed, before the Clerk of the Recorder's Court of the City of New Bern, an affidavit charging Dorothy Narvell Dove violated "Sec. 14-134 of the General Statutes of North Carolina, by entering upon the premises of the A & W Drive-Inn, New Bern, N. C. managed by and in the possession of Russell Dunn, and she, Dorothy Narvell Dove, the said defendant, having been forbidden to enter or remain on the said premises." Based on this affidavit, an order was issued for the arrest of defendant Dove. On the 29th of July 1963, the Recorder imposed a prison sentence, suspended on condition of good behavior and the payment of a fine of $25.00 (The record does not disclose that any trial was had or verdict rendered.) Notice of appeal and bond for the appearance of the defendant at the September 1963 Criminal Session of Craven was given. Similar proceedings against the remaining defendants were had in the Recorder's Court of New Bern.

At the September Session, 1963, the Grand Jury returned a true bill charging the defendants:

"after being forbidden to do so and without a license therefor did enter upon the land and tenement of Root Beer Drive Ins, Inc., a Corporation, at its place of business on Broad Street, City of New Bern, denominated as 'A & W Drive-In,' consisting of a restaurant located inside the building on the premises and covered walkway and parking areas for automobiles adjoining for the service of food and drink to the occupants of automobiles as drive-in customers, said Root Beer Drive Ins, Inc., being then and there in actual peaceable and legal possession of said premises which at the time was under the control of its agent and manager, Russell W. Dunn, and they did each severally and in concert and each with a multitude of people and each aiding and abetting the others proceed on foot to the front door of the restaurant on the premises where they were met and informed and told by the said Russell W. Dunn, acting as manager and in the scope of his employment, that they could not enter the said restaurant and would not be served and to leave the premises; and they did each individually and in concert and as a part of a multitude of people and each aiding and abetting the others sit

down on the premises on the covered walkway in such positions so as to block said walkway and the front entrance to said restaurant and commenced loud singing, vocalization and clapping of their respective hands; and the said Russell W. Dunn, acting as aforesaid, then told each one individually as well as collectively to immediately quit and leave the said premises, but they each unlawfully, wilfully and intentionally failed and refused to do so."

The bill is sufficient to support a conviction under G.S. 14-126, entitled "Forcible entry and detainer," or under G.S. 14-134 entitled "Trespass on land after being forbidden."

The bill and warrants charge different trespasses, *State v. Cooke*, 246 N.C. 518, 98 S.E. 2d 885.

Defendants were not tried in the Superior Court on their appeals from the judgments rendered by the Recorder's Court. They were there tried on the bill of indictment.

The Recorder's Court of the City of New Bern was created in 1947, as authorized by G.S. 7-190. *State v. Sloan*, 238 N.C. 547, 78 S.E. 2d 312.

The crimes defined in G.S. 14-126 and G.S. 14-134 are misdemeanors. The Superior Court of Craven County does not have original jurisdiction of the crimes charged in the bill of indictment, G.S. 7-64, *State v. Morgan*, 246 N.C. 596, 99 S.E. 2d 764—that jurisdiction is given the New Bern Recorder's Court, G.S. 7-190. Since the Superior Court was without original jurisdiction to determine the guilt or innocence of defendants, it follows that defendants' motion for arrest of judgment should have been allowed.

Defendants are entitled to a trial on the charges heard by the Recorder's Court, now pending on appeal in the Superior Court. Warrants may be issued from Recorder's Court of New Bern charging defendants with commission of the crimes stated in the bill of indictment. If there convicted, they may appeal to the Superior Court. The Superior Court may hear the appeal.

Reversed.