## STATE v. WILLIE GUY FENNER.

(Filed 24 February, 1965.)

**1. Statutes § 5—**

The doctrine of *ejusdem generis*, when applicable, requires that general words of a statute which follow a designation of particular subjects or things be restricted by the particular designations to things of the same kind, character and nature as those specifically enumerated.

**2. Same—**

The doctrine of *ejusdem generis* is but a rule of construction to aid in ascertaining the legislative intent and may not be used to defeat the legislative will, and the rule does not apply to restrict the operation of a general expression when such expression and the specific things enumerated have no common characteristic.

**3. Disorderly Conduct and Public Drunkenness—**

The doctrine of *ejusdem generis* does not apply to G.S. 14-335, and the statute applies to drunkenness at any public place and is not limited to a public highway or meeting.

**4. Same—**

"Public place" within the purview of G.S. 14-335 is not limited to places devoted solely to uses of the public but includes any place visited by many persons and to which the neighboring public may have resort, and a mercantile establishment during business hours is such a public place.

**5. Arrest and Bail § 6—**

A peace officer may arrest without a warrant when the person to be arrested has committed a misdemeanor in the presence of the officer or when the officer has reasonable grounds to believe that the person to be arrested has committed a misdemeanor in his presence. G.S. 15-41(a).

**6. Arrest and Bail § 3—**

Where the evidence shows that defendant was drunk and disorderly at a public place, it raises for the jury the question of whether an officer present at the time had reasonable ground to believe that defendant had committed a misdemeanor in his presence.

**7. Arrest and Bail § 6—**

A warrant for resisting arrest must allege the identity of the officer alleged to have been resisted and describe his official character with sufficient certainty to show that he is a public officer, and indicate the official duties the officer was discharging or attempting to discharge, and state in a general way the manner in which defendant resisted, delayed or obstructed the officer. The warrant in this case *is held* to meet these requirements.

**8. Indictment and Warrant § 12—**

The Superior Court on appeal from an inferior court has the power to allow an amendment to the warrant provided the amendment does not change the offense with which defendant was originally charged, and this rule applies even though the inferior court has exclusive original jurisdiction of the offense, since the amendment in such instance relates only to procedural matters.

**9. Arrest and Bail § 6—**

Where a warrant charging resisting arrest is amended by asserting the offense defendant was committing in the presence of the officer, the amendment does not alter in any way the charge, since irrespective the amendment the State would have the burden of showing the offense defendant was committing in the presence of the officer so as to establish that the arrest was lawful.

**10. Disorderly Conduct and Public Drunkenness—**

The charge in this prosecution for violation of G.S. 14-335 *is held* to define correctly the words "drunk," "intoxicated" and "intoxication," and to define a public place within the purview of the statute.

**11. Criminal Law § 159—**

Assignments of error not brought forward and discussed in the brief are deemed abandoned. Rule of Practice in the Supreme Court No. 28.

APPEAL by defendant from *Morris, J.,* November 16, 1964, Session of CRAVEN.

This is a criminal action in which defendant is charged with the violation of G.S. 14-223, entitled "Resisting Officers."

Plea: Not guilty. Verdict: Guilty. Judgment: Imprisonment for a term of 12 months.

*Attorney General Bruton and Assistant Attorney General Bullock for the State.*

*Reginald L. Frazier, Samuel S. Mitchell and J. LeVonne Chambers for defendant.*

MOORE, J. Defendant presents three assignments of error.

— I —

Defendant excepts to the denial of his motion for nonsuit.

The State's evidence, taken as true on the motion for nonsuit (*State v. Horner,* 248 N.C. 342, 103 S.E. 2d 694), discloses these facts: On 28 March 1964 defendant was at Baleather Fisher's Store — Service station, which is located in Craven County on a paved highway known as Temple Point Road. He was cursing and using offensive language. Fisher put him out of the store two or three times but he would come back in when a customer entered. In response to a call, deputy sheriff S. Bruce Edwards went to the store. When he arrived defendant was outside the store between the gasoline pumps and a car which was standing between the pumps and the highway. Defendant was staggering and leaned toward the car to speak to someone. The deputy told him he was under arrest and put his hand on defendant's wrist; defendant snatched away and backed off. The deputy told him he would have to come with him and he replied: "You ain't taking me nowhere." Defendant snatched away again and had his hands raised, his fists balled up. The deputy pulled his gun and shot into the ground and told him, "I don't want to hurt you but you're under arrest and you're going to have to go with me." He backed away again, his fists clenched, saying, "You white son-of-a-bitch, you ain't taking me nowhere." The deputy hit him with the pistol. It accidentally discharged, the bullet taking effect in defendant's neck; defendant fell and was lying partly on the hardsurface of the highway and partly off. He was taken to the hospital. A warrant, charging resisting arrest, was later served on him. In the opinion of the deputy sheriff defendant was "drunk and intoxicated" on the occasion in question.

The gist of defendant's argument in support of his motion for nonsuit is that drunkenness off the highway and on the premises of a mercantile establishment is not a criminal offense, and the officer had no authority or duty to arrest defendant. If the officer had no authority to make the arrest, defendant cannot be guilty of resisting. *State v. Mobley,* 240 N.C. 476, 83 S.E. 2d 100.

G.S. 14-335 makes it a criminal offense to be "drunk or intoxicated on the public highway, or at any public place or meeting in any county" named in the statute. Craven County is one of the counties specified. See subsection 12. Defendant contends that under the doctrine of *ejusdem generis* the general term "public place" is restricted in meaning to the specific terms, "public highway" and "meeting," or places or things similar to a public highway or meeting. Defendant cites *State v. Dew,* 248 N.C. 188, 102 S.E. 2d 774, and points to the reasoning of the Court therein in construing the term "other public place" as used in G.S. 18-51. G.S. 14-335 is not a state-wide statute and applies only to the counties and localities named in the statute. Defendant Dew contended that G.S. 14-335 is unconstitutional in that it is a local law in conflict with the general law of the state as declared in general statutes relating to public drunkenness, G.S. 18-51, G.S. 14-334, and G.S. 14-275. In holding that G.S. 14-335 is constitutional and not in conflict with these general statutes, the Court said:

". . . there is no general law making public drunkenness a crime."

". . . G.S. 18-51, is captioned: 'Drinking or offering drinks on premises of (liquor) stores and public roads or streets; Drunkenness, etc., at athletic contests or other public places.' As to this, it is unnecessary to quote the text, for, as the Attorney General points out, under the doctrine of *ejusdem generis,* the latter part of the statute would apply to any place similar to an athletic contest, — hence there is a difference between the two statutes. (Parentheses added.)

". . . G.S. 14-334, relates to public drunkenness *and disorderliness.* (Emphasis added.)

". . . G.S. 14-275, relates to disturbing religious congregations.

". . . For the reasons given there seems to be no general law in North Carolina, other than G.S. 14-335, relating to drunkenness 'on the public highway, or at any public place or meeting.' "

The *Dew* case is not authority for defendant's position. It is authority to the contrary. G.S. 14-335 is designed to fill the gap and make drunkenness *in public places* a criminal offense in the localities affected. In the construction of statutes, the *ejusdem generis* rule is that where general words *follow* a designation of particular subjects or things, the meaning of the general words will ordinarily be presumed to be, and construed as, restricted by the particular designations and as including only things of the same kind, character and nature as

those specifically enumerated. The rule does not necessarily require such limitation in scope of the general words or terms. It is but a rule of construction to aid in ascertaining and giving effect to the legislative intent where there is uncertainty. The rule does not apply to restrict the operation of a general expression where the specific things enumerated have no common characteristic, and differ greatly from one another. It does not warrant the court subverting or defeating the legislative will. 50 Am. Jur., Statutes, §§ 249, 250, pp. 244-248; Black's Law Dictionary, 4th Ed. (1951). In G.S. 18-51 the expression is "at any athletic contest *or other public place.*" This statute grew out of legislative authorization of the sale of liquor in ABC stores, and sought to restrict its use after purchase. The last part of the statute was designed to prohibit drunkenness and public display of liquor at football games and other athletic contests. "Other public place" was added, unquestionably, to prevent a too narrow construction of the term, "at any athletic contest," and not for the purpose of including public places of all kinds. "Other public place" *follows* the specific designation "athletic contest." The word "other" commonly occurs in a general expression, following specific designations, in statutes where the *ejusdem generis* rule is applied. G.S. 14-335 was intended for general application in the localities affected. "Public place" does not *follow* the terms "public highway" and "meeting," in the wording of this statute. It is inserted between them, and is a coordinate term, and must be given effect.

As used in statutes relating to drunkenness, "public place" means a place which in point of fact is public as distinguished from private, but not necessarily a place devoted solely to the uses of the public, a place that is visited by many persons and to which the neighboring public may have resort, a place which is accessible to the public and visited by many persons. *Ellis v. Archer,* 161 N.W. 192; *People v. Lane,* 32 N.Y.S. 2d 61. A mercantile establishment and the premises thereof is a public place during business hours when customers are coming and going.

A peace officer may arrest without a warrant when the person to be arrested has committed a misdemeanor in the presence of the officer or when the peace officer has reasonable grounds to believe that the person to be arrested has committed a misdemeanor in his presence. G.S. 15-41(a). Under the evidence in the instant case the question whether defendant committed a misdemeanor in the presence of the officer, or the officer had reasonable grounds to believe he did, is for the jury.

The motion for nonsuit was properly overruled.

— II —

G.S. 14-223 provides: "If any person shall wilfully and unlawfully resist, delay or obstruct a public officer in discharging or attempting to discharge a duty of his office, he shall be guilty of a misdemeanor." Defendant is prosecuted for violation of this statute.

The prosecution originated in the Recorder's Court of Craven County and defendant was tried in that court on a warrant charging as follows (omitting formalities):

". . . at and in said County of Craven, . . . on or about the 28th day of March, 1964, Willie Guy Fenner, did unlawfully and willfully resist, delay and obstruct a public officer, to wit: S. Bruce Edwards, a deputy sheriff of Craven County, North Carolina, while the said S. Bruce Edwards, D. S., was attempting to discharge and was discharging the duties of his office, to wit: placing the defendant, Willie Guy Fenner, under arrest and attempting to take him into custody and transport his person to the Craven County Jail, by threatening bodily harm to said officer, refusing to accompany said officer to said Jail, and attempting to escape from the custody of said officer, . . ."

Defendant pleaded not guilty. From an adverse verdict and judgment pursuant thereto defendant appealed to the superior court. In superior court the judge allowed the State to amend the warrant as follows:

"Did unlawfully and willfully resist, delay and obstruct a public officer, to wit: S. Bruce Edwards, a Deputy Sheriff of Craven County, North Carolina, while he, the said S. Bruce Edwards, was attempting to discharge and was discharging the duties of his office, to wit: while the said officer was arresting the said Willie Guy Fenner for the offense of unlawfully and willfully being found drunk and intoxicated at a public place, to wit: at Beleather Fisher's Service Station, in violation of N. C. General Statute, Section 14-335, which said offense was then and there being committed in the presence of said officer, by pulling away from, and cursing said officer and threatening said officer with his fist."

Defendant noted an exception, after judgment moved that judgment be arrested, and now assigns as error the allowance of the amendment and denial of the motion. In this connection, defendant contends: (1) The warrant upon which he was tried in recorder's court was insufficient, defective and invalid; (2) the jurisdiction of the superior court was derivative and the judge was without authority to allow an

amendment; and (3) the amendment allowed charges a different criminal offense from that charged in the original warrant.

(1). A warrant charging a violation of G.S. 14-223 must, in addition to formal parts, the name of accused, the date of the offense and the county or locality in which it was alleged to have been committed, (a) identify by name the person alleged to have been resisted, delayed or obstructed, and describe his official character with sufficient certainty to show that he was a public officer within the purview of the statute, (b) indicate the official duty he was discharging or attempting to discharge, and (c) state in a general way the manner in which accused resisted or delayed or obstructed such officer. *State v. Harvey,* 242 N.C. 111, 86 S.E. 2d 793; *State v. Eason,* 242 N.C. 59, 86 S.E. 2d 774; *State v. Jenkins,* 238 N.C. 396, 77 S.E. 2d 796. Applying these rules to the original warrant in the case at bar, we are of the opinion that defendant was tried in recorder's court upon a proper, sufficient and valid warrant. Compare the warrant in *State v. Taft,* 256 N.C. 441, 124 S.E. 2d 169.

(2). As a general proposition the superior court, on an appeal from a recorder's court or other inferior court upon a conviction of a misdemeanor, has power to allow an amendment to the warrant, provided the charge as amended does not change the offense with which defendant was originally charged. G.S. 7-149, Rule 12; *State v. Thompson,* 233 N.C. 345, 64 S.E. 2d 157; *State v. Carpenter,* 231 N.C. 229, 56 S.E. 2d 713; *State v. Brown,* 225 N.C. 22, 33 S.E. 2d 121. Defendant contends that this general rule does not apply here for the reason that the Recorder's Court of Craven County has *exclusive* original jurisdiction of all misdemeanors committed within the county (G.S. 7-64; G.S. 7-222; *State v. Morgan,* 246 N.C. 596, 99 S.E. 2d 764), the jurisdiction of the superior court, on appeal from the recorder's court, is wholly derivative, and the superior court must take the case, including the warrant, as it finds it. We think that defendant has misinterpreted certain language of the opinion in *State v. Perry,* 254 N.C. 772, 119 S.E. 2d 865. It is true that the jurisdiction of the superior court over defendant and the subject-matter of the action is wholly derivative. But the amendment of the warrant is a procedural matter. We dealt with the exact question here presented in *State v. Wilson,* 227 N.C. 43, 40 S.E. 2d 449. That case originated in a municipal county court of Guilford County which had *exclusive* original jurisdiction of the misdemeanor involved. The Court said: "At the trial in Superior Court, on an appeal from an inferior court having exclusive original jurisdiction, the solicitor may amend the warrant, *S. v. Patterson,* 222 N.C. 179, 22 S.E. (2d), 267, *S. v. Brown,* 225 N.C. 22, *S. v. Grimes,* 226 N.C. 523, or he may put the defendant on trial under a bill of indict-

ment, charging the same offense, returned in the case. *S. v. Razook,* 179 N.C. 708, 103 S.E. 67; *S. v. Thornton,* 136 N.C. 610; *S. v. Crook,* 91 N.C. 536; *S. v. Quick,* 72 N.C. 241. The appeal vests the jurisdiction in the court. Thereafter all questions of procedure and pleadings, including the form in which the charge is to be stated, come within the purview of the presiding judge." *State v. Dove,* 261 N.C. 366, 134 S.E. 2d 683; *State v. Perry, supra;* and *State v. Morgan, supra,* cited and relied on by defendant, involve an entirely different question of law and do not support defendant's position.

(3). The amendment does not change the offense with which defendant is charged in the original warrant. It is in the nature of a bill of particulars, and charges the violation of G.S. 14-223 in more detail. It does not, as defendant suggests, require him to defend against the additional charge of having violated G.S. 14-335. It was incumbent upon the State to satisfy the jury from the evidence beyond a reasonable doubt that defendant violated G.S. 14-335 in the presence of the officer, or that the officer had reasonable grounds to believe the defendant had done so, in order to establish the authority and duty of the officer to make the arrest without a warrant. G.S. 15-41(a). This the State would have been required to do under the original warrant. The reference in the amendment to G.S. 14-335 neither adds to nor subtracts from the State's burden. It does not change defendant's position in any wise.

— III —

Defendant contends that the judge, in charging the jury, did not comply with the requirements of G.S. 1-180 in that he failed to fully explain to the jury the law with respect to G.S. 14-335. Specifically, he complains of the definitions given of the words and expressions, "public place," "drunk" and "intoxicated or intoxication." The judge defined these terms in strict accord with the definitions appearing in Black's Law Dictionary, and applied these definitions to the facts in the instant case. In this we find no error. The definition of public place is in substantial accord with that heretofore set out in this opinion. The definition of "drunk" complies with that approved and adopted by this Court. *State v. Painter,* 261 N.C. 332, 134 S.E. 2d 638; *Wilson v. Casualty Co.,* 210 N.C. 585, 188 S.E. 2d 102. Black's Law Dictionary cites the latter case. This Court has said that "drunk" and "intoxicated" are synonymous terms. *S. v. Painter, supra.* The dictionary definition of "intoxication" casts a greater burden on the State than the definition adopted by this Court, and is therefore not prejudicial to defendant.

Defendant made several assignments of error which were not brought forward and discussed in his brief. Therefore, they are deemed abandoned. Rule 28, Rules of Practice in the Supreme Court, 254 N.C. 810. Nevertheless we have carefully considered them; we find in them no prejudicial error.

No error.