STATE OF NORTH CAROLINA v. BELVIN E. WAGNER

No. 108A02

(Filed 20 December 2002)

**1. Drugs— felonious possession of drug paraphernalia— nonexistent crime**

A charge of felonious possession of drug paraphernalia is not supported by any statute. Therefore, an indictment for felonious possession of drug paraphernalia was facially invalid, the trial court never had jurisdiction over this charge, and defendant's conviction for felonious possession of drug paraphernalia is void and is vacated.

**2. Sentencing— guilty plea and sentence set aside—greater sentence after trial—statutory violation**

After defendant's plea of guilty of attempted possession of cocaine and his sentence of 101 to 131 months were set aside pursuant to his motion for appropriate relief, a sentence of 135 to 175 months imposed upon defendant's conviction at trial for attempted possession of cocaine was contrary to the mandate of N.C.G.S. § 15A-1335 that a defendant whose sentence has been successfully challenged cannot receive a more severe sentence for the same offense or conduct on remand. The fact that defendant's original conviction resulted from a negotiated plea rather than a finding of guilt by a jury is of no consequence.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 148 N.C. App. 658, 560 S.E.2d 174 (2002), finding no error in judgments entered 17 October 2000 by Albright, J., in Superior Court, Forsyth County. Heard in the Supreme Court 12 September 2002.

*Roy Cooper, Attorney General, by Joan M. Cunningham, Assistant Attorney General, for the State.*

*J. Clark Fischer for defendant-appellant.*

STATE v. WAGNER

[356 N.C. 599 (2002)]

*Rudolph, Maher, Widenhouse & Fialko, by M. Gordon Widenhouse, Jr., on behalf of the North Carolina Academy of Trial Lawyers, amicus curiae.*

*North Carolina Prisoner Legal Services, Inc., by Kristin D. Parks, amicus curiae.*

PER CURIAM.

Defendant Belvin Eugene Wagner was originally arrested without a warrant when he attempted to purchase cocaine during an undercover drug operation on 17 July 1998 in which undercover law enforcement officers used blanched macadamia nuts as fake crack cocaine. On 17 August 1998, based on an information, defendant entered a negotiated guilty plea to the offense of attempted possession of cocaine as an habitual felon. This plea bargain provided that defendant would receive a minimum sentence of 101 months' imprisonment based on his criminal history, which was calculated to be at level VI. The trial court entered judgment sentencing defendant to serve 101 to 131 months' confinement.

Defendant thereafter filed a motion for appropriate relief asserting that his record level had been improperly calculated as a level VI when in fact his criminal history resulted in a level V for sentencing purposes. Concluding that defendant's plea bargain and guilty plea were based on "the mutual mistake of all parties as to [defendant's] proper record level for sentencing purposes," the trial court on 10 May 2000, *nunc pro tunc* 2 May 2000, vacated and set aside defendant's guilty plea and the judgment entered thereon.

On 15 May 2000 defendant was indicted for (i) attempt to possess cocaine, (ii) felonious possession of drug paraphernalia, and (iii) being an habitual felon. The paraphernalia on which this charge was based, an antenna used as a crack pipe, was found on defendant's person on 17 July 1998, at the time defendant was originally arrested for attempted possession of cocaine. The prosecutor subsequently offered defendant a plea bargain of 101 to 131 months' imprisonment, the same sentence he had received before his plea was vacated. Defendant rejected this offer of plea. Defendant moved to dismiss the paraphernalia indictment, claiming unconstitutional vindictive prosecution and violation of N.C.G.S. § 15A-1335. Defendant's motion to dismiss was denied.

On 17 October 2000 a jury found defendant guilty of attempt to possess cocaine, felonious possession of drug paraphernalia, and

being an habitual felon. The trial court sentenced defendant at level VI to serve two consecutive 135- to 171-month sentences.

Before this Court defendant asserts that the Court of Appeals erred in upholding these convictions and sentences. Defendant again contends that the felony drug paraphernalia indictment after his successful motion for appropriate relief was based on unconstitutional vindictive prosecution and was in violation of N.C.G.S. § 15A-1335 and that the subsequent sentence for attempted possession of cocaine also violated N.C.G.S. § 15A-1335. Defendant does not challenge the trial court's finding of a record level VI for his criminal history.

[1] Initially, we note that a jurisdictional issue not raised in the Court of Appeals has been raised in this Court, namely, that the 15 May 2000 indictment for felonious possession of drug paraphernalia is invalid on its face in that the charge of felonious possession of drug paraphernalia is not supported by any statute, a fact that the State concedes. N.C.G.S. § 90-95(e)(3), cited in the indictment, does not pertain to drug paraphernalia. For a court to have jurisdiction, "a criminal offense [must] be charged in the warrant or indictment upon which the State brings the defendant to trial." *State v. Vestal*, 281 N.C. 517, 520, 189 S.E.2d 152, 155 (1972). Inasmuch as the indictment for felonious possession of drug paraphernalia was facially invalid, the trial court never had jurisdiction over this charge. Moreover, appellate jurisdiction is derivative of the trial court's jurisdiction. *State v. Earley*, 24 N.C. App. 387, 389, 210 S.E.2d 541, 543 (1975); *see also State v. Morgan*, 246 N.C. 596, 599, 99 S.E.2d 764, 766 (1957). Therefore, the Court of Appeals also lacked jurisdiction to hear defendant's appeal of the felonious possession of drug paraphernalia conviction.

Accordingly, for lack of jurisdiction in the trial court, defendant's conviction for felonious possession of drug paraphernalia is void and is vacated. Similarly, the opinion of the Court of Appeals as it pertains to the conviction for felonious possession of drug paraphernalia is vacated. Having vacated defendant's conviction for felonious possession of drug paraphernalia, we do not need to address defendant's assignment of error challenging the trial court's denial of his motion to dismiss based on vindictive prosecution.

[2] Defendant was also improperly sentenced for his conviction for attempt to possess cocaine. N.C.G.S. § 15A-1335 provides:

**STATE v. WAGNER**

[356 N.C. 599 (2002)]

When a conviction or sentence imposed in superior court has been set aside on direct review or collateral attack, the court may not impose a new sentence for the same offense, or for a different offense based on the same conduct, which is more severe than the prior sentence less the portion of the prior sentence previously served.

N.C.G.S. § 15A-1335 (2001). Pursuant to this statute a defendant whose sentence has been successfully challenged cannot receive a more severe sentence for the same offense or conduct on remand.

In this case, contrary to the State's contention, the fact that defendant's original conviction resulted from a negotiated plea bargain rather than a finding of guilty by a jury is of no consequence. This Court has held that "[a] plea of guilty, accepted and entered by the trial court, is the equivalent of conviction." *State v. Brown*, 320 N.C. 179, 210, 358 S.E.2d 1, 22, *cert. denied*, 484 U.S. 970, 98 L. Ed. 2d 406 (1987). After defendant's plea and sentence were set aside pursuant to his motion for appropriate relief, a sentence of 135 to 175 months' imprisonment for defendant's conviction at trial for attempt to possess cocaine was contrary to the mandate of section 15A-1335 when defendant's original sentence was only 101 to 131 months' imprisonment for the same offense. *See State v. Hemby*, 333 N.C. 331, 336-37, 426 S.E.2d 77, 80 (1993).

This case is distinguishable from *State v. Wall*, 348 N.C. 671, 502 S.E.2d 585 (1998), in that the sentence defendant initially received pursuant to the plea agreement was a lawful mitigated sentence for a record level VI offender. Unlike the defendant in *Wall*, this defendant by his motion for appropriate relief did not seek specific performance of a plea bargain containing an unauthorized sentence. Under section 15A-1340.13(b),

the court shall determine the prior record sentence for the offender pursuant to G.S. 15A-1340.14. The sentence shall contain a sentence disposition specified for the class of offense and prior record level, and its minimum term of imprisonment shall be within the range specified for the class of offense and prior record level, unless applicable statutes require or authorize another minimum sentence of imprisonment.

N.C.G.S. § 15A-1340.13(b) (2001). In this case N.C.G.S. § 15A-1335 is an applicable statute requiring "another minimum sentence of imprisonment." *Id.*

In summary, for the reasons stated herein, defendant's conviction for felonious possession of drug paraphernalia and the Court of Appeals' decision as to that conviction are vacated. As to the judgment for attempted possession of cocaine, the decision of the Court of Appeals is reversed and remanded to that court for further remand to the trial court for resentencing in a manner not inconsistent with this opinion.

VACATED IN PART AND REVERSED AND REMANDED IN PART.