STATE OF NORTH CAROLINA v. WILLIE ROBERTSON, DEFENDANT

No. COA02-1730

(Filed 18 November 2003)

**1. Criminal Law— competency to stand trial—length of observation**

A competency examination in which defendant was observed for 1 hour and 40 minutes did not violate N.C.G.S. § 15A-1001 or due process. The plain language of the statute does not establish a minimum period of observation, and the court made 16 findings of fact based on the opinion of an expert forensic psychiatrist and its own observations. The evidence was more than sufficient to support those findings.

**2. Sentencing— failure to object at trial—appellate review**

The issue of whether a sentence was improperly enhanced was properly before the Court of Appeals despite defendant's failure to object at trial. N.C.G.S. § 15A-1446(d)(18) (2001).

**3. Sentencing— aggravating factor—use of element of offense**

The trial court did not violate N.C.G.S. § 15A-1340.16(d) when sentencing an inmate for malicious conduct for spitting at guards by finding in aggravation that defendant intended to hinder the lawful exercise of a governmental function. The fact that defendant knowingly spit at a guard does not implicitly presume that he intended to hinder the guard in his duties, so that additional evidence would be required to prove the intent necessary for a finding of this aggravating factor.

**4. Sentencing— aggravating factor—violated pledge of good conduct at trial—contempt conviction—separate incident**

Neither double jeopardy nor N.C.G.S. § 15A-1340.16(d) was violated by the enhancement of a sentence for malicious conduct by a prisoner for defendant's violation of his assurance of good behavior. Defendant had already been convicted for contempt for his conduct in court (overturning tables and cursing); however, the incident on which the enhancement was based (feigning a heart attack) was a separate, later incident.

Appeal by defendant from judgments entered 8 August 2002 by Judge W. Douglas Albright in Warren County Superior Court. Heard in the Court of Appeals 15 October 2003.

*Roy A. Cooper, III, Attorney General, by James A. Wellons, Special Deputy Attorney General, for the State.*

*William B. Gibson, for defendant-appellant.*

MARTIN, Judge.

Defendant Willie Robertson was indicted for two counts of malicious conduct by a prisoner arising out of an incident in which he is alleged, while an inmate in the custody of the North Carolina Department of Correction, to have knowingly and willfully spit in the face of two prison guards on 12 December 2001 at the Warren Correction Institute. He was also indicted for an additional count of malicious conduct by a prisoner and for assault on a government employee arising out of another incident on 20 January 2002 in which he is alleged to have knowingly and willfully spit in the face of a guard and pushed her while she was attempting to escort him to the recreation area.

The cases were joined for trial, which commenced on 5 August 2002. On the first day of trial, defendant became agitated and violent when he was denied a request for a new attorney. The defendant turned over the defense counsel's table, shattering the plate glass top, and then shouted several epithets at the court as he was escorted out of the courtroom.

On the second day of trial, it was brought to the trial court's attention that an evaluation as to the defendant's capacity to proceed, which had been previously ordered by another judge on 6 May 2002, had never been conducted. The trial court ordered that defendant be immediately sent to Dorothea Dix Hospital for an evaluation as to his capacity to proceed to trial. He was examined by Dr. Carla deBeck, a forensic psychiatrist, for one hour and forty minutes. At a hearing the following day, Dr. deBeck testified that defendant had borderline intelligence and suffered from a personality disorder and possible paranoia but was capable of proceeding to trial. Based upon her testimony, the trial court found defendant was capable of proceeding.

Defense counsel reported to the court that defendant had given his assurance that he would behave in an appropriate manner and would not cause any further disruption if he were permitted to return

to the courtroom. Defendant then apologized to the trial court for the disturbance he had caused and the jury was returned to the courtroom. Later that day, however, after the State had presented its case, the defendant fell to the floor upon returning from a recess, as though he had fainted. Emergency personnel were called and defendant was transported to the hospital after complaining of chest pain. No medical infirmities were found at the scene or later at the hospital. The emergency personnel who responded testified that defendant had told them, on the previous occasion when they were treating him after he overturned the defense counsel's table, "Y'all will probably be right back, because I'm going to go ahead and pass out."

The jury found defendant not guilty of one count of malicious conduct by a prisoner, but guilty as to the other two counts and guilty of assault on a government employee. The trial court then conducted a contempt hearing and found defendant guilty of criminal contempt for his conduct in overturning the table and shouting epithets at the court on the first day of his trial.

The court sentenced the defendant to thirty days incarceration for contempt, to be served at the expiration of the sentence defendant was currently serving. The court then found, as factors in aggravation of defendant's sentences as to both counts of malicious conduct by a prisoner, that the offenses were committed to hinder the lawful exercise of a governmental function, and that defendant had breached his assurance of good behavior by faking a heart problem and "falling out" on the floor on the third day of trial. The court found no mitigating factors and sentenced defendant in the aggravated range to a minimum of 49 months and a maximum of 59 months for each count of malicious conduct by a prisoner. He was also sentenced to a term of 150 days for assault on a government employee, all of the sentences to be served consecutively. Defendant appeals from these judgments.

I.

[1] In his first assignment of error, the defendant argues that the competency determination in this case violated G.S. §§ 15A-1001 *et seq.* and the defendant's constitutional right to due process of law. There is no indication in the record that defendant objected at trial to the court's ruling that he had capacity to proceed; thus, defendant has failed to preserve this argument for review. N.C. Gen. Stat. § 15A-1446(a) (2001); N.C. R. App. P. 10(b)(1). We elect, how-

ever, to address his arguments in the exercise of our discretion under N.C. R. App. P. 2.

G.S. § 15A-1001 provides that the State may not proceed against a criminal defendant if he or she is mentally incapacitated. N.C. Gen. Stat. § 15A-1001 (2001). When a defendant's capacity to proceed is questioned by either party or the court, the trial court must conduct a hearing and "may order the defendant to a State facility for the mentally ill for observation and treatment for the period, not to exceed 60 days, necessary to determine the defendant's capacity to proceed." N.C. Gen. Stat. § 15A-1002 (2001).

Defendant argues that G.S. §§ 15A-1001 et seq. were violated in this case because the original competency evaluation ordered on 6 May 2002 was not carried out, but instead a "hasty" one hour and forty minute evaluation was conducted on the second day of his trial. Defendant specifically contends that G.S. § 15A-1002(b)(2), which states that commitment to a State facility for the mentally ill for purposes of evaluation shall not exceed a period of 60 days, implicitly contemplates a period of observation greater than one hour and forty minutes. We are not persuaded by his argument.

"If the language used [in a statute] is clear and unambiguous, the Court does not engage in judicial construction but must apply the statute to give effect to the plain and definite meaning of the language." Fowler v. Valencourt, 334 N.C. 345, 348, 435 S.E.2d 530, 532 (1993). It is clear that the plain language of G.S. § 15A-1002 does not establish a minimum period of observation for competency evaluations. To the contrary, G.S. § 15A-1002 places the issue of competency within the trial court's discretion. In re Robinson, 151 N.C. App. 733, 736, 567 S.E.2d 227, 228 (2002). Defendant stipulated that Dr. deBeck was an expert forensic psychiatrist; it is within her field of expertise to determine the extent of the examination required to reach an opinion as to defendant's capacity to proceed. His argument that her examination was insufficient to comply with the requirements set forth in G.S. §§ 15A-1001 et seq. based solely upon the length of its duration is clearly without merit.

Defendant also argues that the one hour and forty minute observation period used to make a competency evaluation by Dr. Carla deBeck was insufficient to comport with the constitutional requirement of due process. It is a violation of due process to try and convict a person of a criminal offense while he or she is mentally incompetent. Pate v. Robinson, 383 U.S. 375, 385 (1966). In this case, the trial

court made a determination that the defendant had sufficient mental capacity to stand trial. A trial court's determination that a defendant is competent to stand trial is conclusive if supported by the evidence. *In re Robinson*, 151 N.C. App. at 736, 567 S.E.2d at 228. The trial court made sixteen findings of fact, basing its conclusion on the expert opinion of Dr. Carla deBeck and the court's own observations. The evidence is more than sufficient to support the trial court's findings. Accordingly, the defendant's argument that the competency determination in this case was in violation of due process is also without merit.

II.

**[2]** The defendant next argues the trial court improperly enhanced the defendant's sentences for the two convictions of malicious conduct by a prisoner because it used evidence necessary to prove an element of the offense to enhance the sentence in violation of G.S. § 15A-1340.16(d) and, in addition, violated the Double Jeopardy Clause of the United States Constitution by punishing the defendant for contempt by reason of his courtroom conduct and using the same conduct to enhance his sentence. We find no merit in either argument.

Defendant acknowledges that he failed to object at trial to the findings in aggravation but nevertheless urges us to exercise our authority under N.C. R. App. P., Rule 2 to consider the issue. We need not employ Rule 2 to reach the issue of whether a sentencing determination "was unauthorized at the time imposed, exceeded the maximum authorized by law, was illegally imposed, or is otherwise invalid as a matter of law" because such issues may be the subject of appellate review "even though no objection, exception or motion has been made in the trial division." N.C. Gen. Stat. § 15A-1446(d)(18) (2001). Thus, despite the defendant's failure to object to the sentence at trial, the issue is properly before this Court.

**[3]** There are five essential elements required to prove a defendant's guilt of the offense of malicious conduct by a prisoner:

(1) the defendant threw, emitted, or caused to be used as a projectile a bodily fluid or excrement at the victim;

(2) the victim was a State or local government employee;

(3) the victim was in the performance of his or her State or local government duties at the time the fluid or excrement was released;

(4) the defendant acted knowingly and willfully; and

(5) the defendant was in the custody of the Department of Correction, the Department of Juvenile Justice and Delinquency Prevention, any law enforcement officer, or any local confinement facility (as defined in G.S. 153A-217, or G.S. 153A-230.1), including persons pending trial, appellate review, or presentence diagnostic evaluation, at the time of the incident.

N.C. Gen. Stat. § 14-258.4 (2001). The trial court found, as a factor in aggravation of punishment, that "[t]he offense was committed to hinder the lawful exercise of a governmental function or the enforcement of laws." See N.C. Gen. Stat. § 15A-1340.16(d)(5) (2001).

N.C. Gen. Stat. § 15A-1340.16(d) (2001) provides that "[e]vidence necessary to prove an element of the offense shall not be used to prove any factor in aggravation . . . ." In State v. Corbett, the State relied upon evidence tending to show that the defendant took advantage of a position of trust in order to prove the element of force in a sexual assault case. 154 N.C. App. 713, 717, 573 S.E.2d 210, 214 (2002). This Court held that it was a violation of G.S. § 15A-1340.16(d) to subsequently use the same evidence to prove as an aggravating factor that defendant "took advantage of a position of trust." Id.

However, the underlying offense in this case is a general intent crime while the aggravating factor involves the finding of specific intent. Thus, the aggravating factor found by the trial court required evidence of an element not present in the underlying offense—the defendant's intent to hinder the prison guard's lawful exercise of governmental functions. See State v. Sellers, 155 N.C. App. 51, 57, 574 S.E.2d 101, 105-6 (2002) (use of a firearm as an element of the crime does prohibit the court from finding as an aggravating factor that defendant used a weapon that "would normally be hazardous to the lives of more than one person"). The mere fact that a defendant knowingly and willfully spit at a prison guard while he or she was in the performance of his or her duties does not implicitly presume that the defendant intended to hinder the duties of the guard. Additional evidence would be required to prove this specific intent and as such, the trial court did not violate G.S. § 15A-1340.16(d) when it found as an aggravating factor that defendant intended to hinder the lawful exercise of a governmental function when he committed the crime of malicious conduct by a prisoner.

**[4]** Next, defendant argues the trial court improperly enhanced his sentence when it found as a non-statutory aggravating factor in each of the judgments for malicious conduct by a prisoner that "the defendant breached his assurance of good behavior." N.C. Gen. Stat. § 15A-1340.16(d)(20) (2001) provides that the trial court may make additional written findings of factors in aggravation. The defendant argues that this finding violates the Double Jeopardy Clause of the U.S. Constitution because he had already been convicted of contempt of court for overturning a table and shouting expletives at the court. The Double Jeopardy Clause prohibits the imposition of multiple punishments for the same offense. *Sattazahn v. Pennsylvania,* 537 U.S. 101, 106 (2003). However, the defendant is not being punished twice for the same offense in this case. The aggravating factor found by the trial court relates to the defendant's behavior at trial when he breached his assurance of good behavior by feigning a heart problem and is entirely separate from the earlier incident for which he was found in contempt. Thus, the trial court did not violate the defendant's rights against being twice put in jeopardy for the same conduct when it enhanced defendant's sentence for breaching his assurance of good behavior.

The defendant also contends that this finding in aggravation was in violation of G.S. § 15A-1340.16(d), discussed *supra,* because the evidence necessary for its proof was also necessary for the defendant's conviction for criminal contempt. This argument is without merit since the evidence necessary to prove the defendant's breach of his assurance of good behavior is completely separate and distinct from the evidence necessary to prove the behavior that prompted the court to hold the defendant in contempt. Defendant's assignments of error are overruled.

No error.

Judges STEELMAN and LEVINSON concur.