STATE OF NORTH CAROLINA v. RAY MITCHELL SMITH

No. COA03-489

(Filed 20 April 2004)

**1. Prisons and Prisoners— malicious conduct by prisoner—no instruction on lesser offense**

The trial court did not err in a trial for malicious conduct by a prisoner by not instructing the jury on the alleged lesser included offense of assault on a government official. The State presented evidence as to each essential element of malicious conduct by a prisoner and defendant did not negate the State's evidence. N.C.G.S. § 14-258.4(a).

**2. Constitutional Law— effective assistance of counsel—conflict of interest—prior representation of State's witness**

The trial court did not err by not removing a defendant's counsel for a conflict of interest where defense counsel had represented a State's witness in an unrelated civil case. Defendant did not point to any instance in which counsel was less than diligent in cross-examining the witness.

Appeal by defendant from judgment dated 29 October 2002 by Judge James L. Baker in Superior Court, Avery County. Heard in the Court of Appeals 3 February 2004.

STATE v. SMITH

[163 N.C. App. 771 (2004)]

*Attorney General Roy Cooper, by Assistant Attorney General Thomas H. Moore, for the State.*

*Michael E. Casterline for defendant-appellant.*

McGEE, Judge.

Ray Mitchell Smith (defendant) was convicted of malicious conduct by a prisoner. Defendant was sentenced to twenty-one to twenty-six months to be served at the expiration of the sentence for which defendant was incarcerated at the time of the offense. Defendant appeals.

The State's evidence at trial tended to show that defendant was in the custody of Mountain View Correctional Facility on 11 April 2002 when correctional officers Nikki Webb (Officer Webb) and Kevin McMahan (Officer McMahan) conducted a random cell search. As a result of this search, the officers found an extra mattress in defendant's cell, which they removed. Defendant's cell door was locked following the search. Defendant forced his remaining mattress from his cell by pushing it under the cell door. Officer Webb ordered defendant to stop pushing the mattress, but defendant continued to do so.

While forcing the mattress out of his cell, defendant said he wanted to exchange his remaining mattress for the one removed by the officers. Officer Webb told defendant that defendant had been given a choice of which mattress to keep at the time of the removal of the extra mattress and the officers had abided by his decision. When the officers told defendant that they would not return the mattress they had removed, defendant grew agitated, hitting his cell door and verbally abusing Officer Webb. The officers informed the correctional facility's Master Control of defendant's behavior. Defendant continued his disruptive behavior and demanded to see Captain Donny Watkins (Captain Watkins). Captain Watkins arrived and defendant was handcuffed. The officers entered defendant's cell and he began to scream for the return of the mattress. Captain Watkins ordered that defendant be removed from his cell and placed in a holding cell while another search of defendant's cell was completed.

As defendant was being transported to a holding cell, he attempted to kick the attending officers, but the officers forced him to the floor. Officer Webb was standing nearby at the time. Defendant jerked away as he was being assisted into the holding cell and the officers cautioned defendant to calm down. Defendant continued to

curse the officers and Officer Webb, in particular. While Officer Webb waited for the completion of the search of defendant's cell, defendant made a hawking noise and spat on Officer Webb, striking her on her right sleeve. Ella Markland (Markland), a nurse practitioner at the correctional facility, examined Officer Webb following the incident and found no physical injury.

Attorney Doug Hall (Hall) was appointed to represent defendant. At trial, Hall moved to withdraw as counsel for defendant on the ground of conflict of interest based on his past employment by Markland, a witness for the State. After hearing a forecast of Markland's testimony, the trial court denied Hall's motion to withdraw as counsel.

[1] Defendant first argues that the trial court should have instructed the jury, as defendant requested, on the offense of assault on a government official because, according to defendant, that offense is a lesser included offense of malicious conduct by a prisoner.

In general, a defendant is entitled to have the jury instructed as to a lesser included offense when there is sufficient evidence to support that lesser included offense. *State v. Smith*, 351 N.C. 251, 267, 524 S.E.2d 28, 40, *cert. denied*, 531 U.S. 862, 148 L. Ed. 2d 100 (2000). However, "[i]f the State's evidence is sufficient to fully satisfy its burden of proving each element of the greater offense and there is no evidence to negate those elements other than defendant's denial that he committed the offense, defendant is not entitled to an instruction on the lesser offense." *Id.* at 267-68, 524 S.E.2d at 40.

The offense of malicious conduct by a prisoner is defined as:

Any person in the custody of the Department of Correction . . . who knowingly and willfully throws, emits, or causes to be used as a projectile, bodily fluids or excrement at a person who is an employee of the State or a local government while the employee is in the performance of the employee's duties is guilty of a Class F felony. The provisions of this section apply to violations committed inside or outside of the prison, jail, detention center, or other confinement facility.

N.C. Gen. Stat. § 14-258.4(a) (2003). Accordingly, this Court has found that there are five essential elements that the State must prove in order to prove a defendant guilty of the offense of malicious conduct by a prisoner:

(1) the defendant threw, emitted, or caused to be used as a projectile a bodily fluid or excrement at the victim;

(2) the victim was a State or local government employee;

(3) the victim was in the performance of his or her State or local government duties at the time the fluid or excrement was released;

(4) the defendant acted knowingly and willfully; and

(5) the defendant was in the custody of the Department of Correction . . . at the time of the incident.

*State v. Robertson,* 161 N.C. App. 288, 292-93, 587 S.E.2d 902, 905 (2003).

The State offered evidence at trial establishing that defendant, a prisoner at a facility operated by the North Carolina Department of Correction, deliberately cleared his throat of phlegm and spat on Officer Webb, an employee of the State. At the time of the incident, Officer Webb was performing her duties as a correctional officer. Thus, the State presented evidence as to each essential element of the offense of malicious conduct by a prisoner and defendant presented no evidence to negate the State's evidence. Therefore, the trial court was under no obligation to instruct the jury on any alleged lesser included offense. Defendant's assignment of error number two is without merit.

**[2]** In defendant's final assignment of error, he argues that the trial court committed prejudicial error in failing to remove defendant's counsel due to a conflict of interest. Defendant's trial counsel, Hall, had represented Markland, a witness for the State, in a civil matter unrelated to defendant's case. Defendant contends that due to their business relationship, Hall would have been tempted to cross-examine Markland with less vigor than he would employ for other witnesses called by the State. Markland's testimony was offered by the State to corroborate Officer Webb's testimony.

This Court has acknowledged that a criminal defendant "has a constitutional right to effective assistance of counsel[,]" which "includes the 'right to representation that is free from conflicts of interest.' " *State v. Bruton,* 344 N.C. 381, 391, 474 S.E.2d 336, 343 (1996) (citations omitted). Our Supreme Court has adopted the two-

part test announced by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 80 L. Ed. 2d 674 (1984), for determining whether a criminal defendant received effective assistance of counsel. *State v. Taylor,* 141 N.C. App. 321, 324, 541 S.E.2d 199, 201 (2000), *cert. denied,* 355 N.C. 499, 564 S.E.2d 231 (2002). That two-part test requires that

> [f]irst, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland,* 466 U.S. at 687, 80 L. Ed. 2d at 693. However, when deciding whether to grant or deny a motion for attorney disqualification, a trial court is afforded substantial latitude. *State v. Taylor,* 155 N.C. App. 251, 255, 574 S.E.2d 58, 62 (2002), *cert. denied,* 357 N.C. 65, 579 S.E.2d 572 (2003).

Defendant has failed to direct this Court to any instance where defendant's trial counsel was less than diligent during the cross-examination of Markland. Because he makes no such showing, there is no indication that defendant was deprived of his right to a fair trial. Thus, defendant's assignment of error number five is overruled.

N.C.R. App. P. 28(b)(6) provides that "[a]ny assignments of error not set out in the appellant's brief, or in support of which no reason or judgment is stated or authority cited, will be taken as abandoned." Therefore, defendant's assignments of error numbers one, three, and four are deemed abandoned.

No error.

Judges WYNN and TYSON concur.